# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD C. ALEXANDER, SR.,<br><br>Plaintiffs<br><br>v.<br><br>JUDGE RALPH NUNEZ, et al.,<br><br>Defendants | CASE NO. 1:18-CV-1060 AWI BAM<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING MATTER AS FRIVOLOUS**<br><br>(Doc. Nos. 2) |

On August 3, 2018, Plaintiff filed this matter that purports to be a civil rights lawsuit under 42 U.S.C. § 1983. See Doc. No. 1. Plaintiff is proceeding pro se and is incarcerated in Wasco State Prison. Plaintiff names as Defendants Fresno County Superior Court Judges Ralph Nunez and Arlan Harrell,[1] the Fresno County Superior Court, and Deputy Public Defender Ariel Armendariz. See id. Plaintiff now moves to proceed in this case *in forma pauperis*. For the reasons that follow, the motion will be denied and the case will be closed.

*Factual Background*

Although not entirely clear, Plaintiff complains about actions that occurred on March 12, 2018, at what appears to be an arraignment. See id. It appears that Plaintiff complains that Judge

---

[1] Plaintiff identifies "Arland Harrell" as a Fresno County Superior Court Judge. It appears that Plaintiff has misspelled Judge Harrell's name. "Arlan Harrell" is a judge on the Fresno County Superior Court, see http://www.fresno.courts.ca.gov/general_info/judicial_assignments.php/&quot%3B&gt%3B, "Arland Harrell" is not. The Court will view Plaintiff's complaint as attempting to name Judge Arlan Harrell as a defendant.

Nunez, who was presiding over the March 12 hearing/arraignment, behaved in a coercive manner with respect to pleading or postponing, which allegedly caused a violation of Plaintiff's due process rights. See id. Plaintiff complains that his court appointed defense counsel, Deputy Public Defender Armendariz, did not sufficiently protect him from, or make objections about, the actions of Judge Nunez. See id. Finally, Plaintiff complains that Judge Harrell improperly reviewed and apparently denied a writ of habeas corpus related to the events of the March 12, 2018 hearing. See id. Plaintiff seeks an undisclosed amount of compensatory damages, punitive damages, and "indemnities." See id.

*In Forma Pauperis Framework*

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

*Discussion*

In forma pauperis status is improper, irrespective of Plaintiff's financial condition, because Plaintiff has no viable claims against the defendants.

1 | With respect to Judge Nunez, it is apparent that Plaintiff is complaining about Judge Nunez's conduct as a judicial officer during the March 12, 2018 arraignment/hearing. In the context of 42 U.S.C. § 1983 claims, judges are entitled to absolute immunity for their judicial acts. Simmons v. Sacramento County Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003); Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996). Because Plaintiff's claims are based on Judge Nunez's judicial acts, Judge Nunez enjoys absolute judicial immunity. See Simmons, 318 F.3d at 1161; Moore, 96 F.3d at 1243-44.

With respect to Judge Harrell, Plaintiff is complaining about Judge Harrell's conduct as a judicial officer in connection with a review and apparent denial of a state writ of habeas corpus. Because Plaintiff's claims are based on Judge Harrell's judicial acts, Judge Harrell enjoys absolute judicial immunity. See Simmons, 318 F.3d at 1161; Moore, 96 F.3d at 1243-44.

With respect to the Fresno County Superior Court, that court is an arm of the State of California. See Simmons, 318 F.3d at 1161; Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). As an arm of the State of California, the Fresno County Superior Court enjoys Eleventh Amendment immunity from Plaintiff's claims. See Simmons, 318 F.3d at 1161; Zolin, 812 F.2d at 1110.

Finally, with respect to Armendariz, Plaintiff is complaining about her failure to object or protect him/his rights during the March 12 hearing with Judge Nunez. To establish § 1983 liability, a plaintiff must show: (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law, i.e. "state action." Chudacoff v. Univ. Med. Ctr., 649 F.3d 1143, 1149 (9th Cir. 2011). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 322 n.13 (1981); Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir. 2008); Miranda v. Clark Cnty., 319 F.3d 465, 469 (9th Cir 2003). Armendariz's failure to object or take other procedural actions to protect Plaintiff's rights during the March 12 hearing clearly are actions within the scope of her role as a public defender. Therefore, Armendariz was not acting under color of state law and Plaintiff's § 1983 claims against her are not viable. See Miranda, 319 F.3d at 469.

| | |
|---|---|
| 1 | The immunity enjoyed by the Fresno County Superior Court and Judges Nunez and Harrell |
| 2 | make amendment of Plaintiff's § 1983 claims against them futile. Further, because Armendariz |
| 3 | was not acting under color of state law, amendment of Plaintiff's § 1983 claims against her would |
| 4 | be futile. Because Plaintiff cannot state a viable claim against Armendariz and cannot overcome |
| 5 | the other defendants' immunity, the Court is required to deny Plaintiff's motion for in forma |
| 6 | pauperis status and dismiss this case. See 28 U.S.C. § 1915(e)(2)(B); see also Rodriguez, 795 |
| 7 | F.3d at 1187-88; Minetti, 152 F.3d at 1115; Tripati, 821 F.3d at 1370. |

**ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's motion to proceed in forma pauperis (Doc. Nos. 2) is DENIED;
2. This case is DISMISSED for failure to state a claim and because of the application of judicial immunity and Eleventh Amendment immunity; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: __August 23, 2018__  _____
SENIOR DISTRICT JUDGE